IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23-CR-00457 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| MARVELL ROACH, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its attorneys, Rebecca C. Lutzko, United States Attorney, and Matthew W. Shepherd, Assistant United States Attorney, and hereby files this sentencing memorandum. For the reasons set forth below, the United States requests that the Court find that the applicable total offense level is 15, find that the applicable advisory sentencing guidelines range is 24-30 months, and impose a sentence of 27 months imprisonment, the middle of the advisory guidelines range.

**I.    OFFENSE CONDUCT**

On August 23, 2024, Defendant Marvell Roach ("the Defendant") was one of seven defendants charged with multiple firearms-related offenses in a 37-count indictment alleging a conspiracy to sell large quantities of firearms on the streets of Cleveland, Ohio, in July and August 2023. Roach was charged in four counts: Count 1, Conspiracy to Engage in the Business of Importing, Manufacturing, or Dealing in Firearms Without a License in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A); Count 8, Conspiracy to Engage in Firearms Trafficking in violation of 18 U.S.C. § 933(a)(1) and (3); Count 12, Trafficking in Firearms in violation of 18 U.S.C. § 933(a)(1); and Count 23, Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (R. 1: Indictment).

Altogether, the seven defendants sold a combined total of more than 50 firearms to undercover agents, with individual defendants responsible for selling varying amounts of firearms. The least involved sold only one firearm, while the most involved sold 20 or more. On this spectrum, Roach was one of those at the bottom, as he sold only one firearm. (R. 127: PSR, PageID 910-911).

On August 1, 2023, undercover agents went to a pre-arranged meeting with co-defendant Maurice Sterett on Braddock Avenue in Cleveland, Ohio to purchase fentanyl pills and firearms. When the undercover agents arrived, they encountered Sterett, Roach, and a third party. One of the undercover agents purchased firearms and fentanyl pills from Sterett. While these transactions were occurring, another undercover agent engaged with Roach regarding the sale of a pistol Roach possessed. Roach sold a Springfield Armory (HS Product), Model XDS-9, 9 mm pistol, serial number BY572439, loaded with 10 rounds of ammunition,[1] for $1,000, to undercover law enforcement officers. During the sale, an undercover agent showed Roach the hidden compartment in their vehicle and placed the firearm purchased from Roach in the compartment. Roach commented that he had a similar hidden compartment in an old vehicle of his. Shell casings from the firearm matched shell casings found at the scene of a shooting into a building that occurred on June 22, 2023, which was less than two months before Roach sold the firearm. (*Id.*, PageID 911).

The Grand Jury returned the indictment charging Roach and his co-defendants on August 23, 2023. (R. 1: Indictment). On August 31, 2023, agents arrested Roach. After a detention

---

[1] The PSR notes a discrepancy in that the Indictment describes this sale as including 19 rounds of ammunition. The reference to 19 rounds in the Indictment was a typo; the correct amount of ammunition was 10 rounds. The Factual Basis of the Plea Agreement correctly refers to 10 rounds of ammunition. (R. 135: Plea Agreement, PageID 971).

hearing, Roach was ordered detained pending trial. (R. 40: Order of Detention). On April 17, 2024, Roach pled guilty to Count 23 of the Indictment, which charged him with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) for possessing the 9 mm pistol that he sold on August 1, 2023, pursuant to a written plea agreement. The government agreed to dismiss the other counts at sentencing. (R. 97: Report and Recommendation on Plea of Guilty as to Marvell Roach).

**II.     GUIDELINE CALCULATION**

    A.     **GUIDELINE CALCULATIONS CONTAINED IN THE PLEA AGREEMENT**

In the plea agreement the parties stipulated that the base offense level under the United States Sentencing Guidelines was 14 pursuant to U.S.S.G. § 2K2.1(a)(6) because Roach was a prohibited person at the time he possessed the firearm. The parties also agreed each could argue for or against the application of the four-level increase for the specific offense characteristic at U.S.S.G. § 2K2.1(b)(6)(A) or (B). (R. 135: Plea Agreement, PageID 969). The parties further agreed that "no other specific offense characteristics, Guideline adjustments, or Guideline departures apply," unless otherwise contained in the agreement. (*Id.*). The only other adjustment referred to in the plea agreement was that the government agreed to recommend that Roach's offense level be reduced by three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and (b).[2] (*Id.* at ¶ 18).

---

[2] Whether Roach qualifies for a two- or a three-level decrease for acceptance of responsibility depends on whether a four-level increase at Section 2K2.1(b)(6)(A) or (B) applies. If the four-level increase applies, Roach's offense level would be 18, qualifying him for a three-level reduction for acceptance of responsibility. If the four-level increase does not apply, his offense level would be 14, which would qualify only for a two-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a) and (b).

Thus, as a result of the plea agreement, two offense level calculations were possible: the calculation applicable if the Section 2K2.1(b)(6)(A) or (B) specific offense characteristic applied, and the calculation applicable if it did not apply. The following charts show these two possibilities:

| U.S.S.G. § 2K2.1(b)(6)(A) or (B) Applies: | | |
|---|---|---|
| Base offense level | 14 | U.S.S.G. § 2K2.1(a)(7) |
| Specific Offense Characteristic | +4 | U.S.S.G. § 2K2.1(b)(6)(A) or (B) |
| Subtotal | 18 | |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a) and (b) |
| Total | 15 | |

| U.S.S.G. § 2K2.1(b)(6)(A) or (B) Does Not Apply: | | |
|---|---|---|
| Base offense level | 14 | U.S.S.G. § 2K2.1(a)(7) |
| Subtotal | 14 | |
| Acceptance of Responsibility | -2 | U.S.S.G. § 3E1.1(a) |
| Total | 12 | |

Thus, the possible total offense levels under the plea agreement are either 15 or 12. With four criminal history points, Roach's Criminal History Category is III. (R.125: PSR, PageID 883). An offense level of 15 and Criminal History Category III results in a range of 24-30 months, while an offense level of 12 and Criminal History Category III results in a range of 15-21 months.

  B. **<u>GUIDELINE CALCULATIONS CONTAINED IN THE PSR</u>**

The final PSR filed on August 1, 2024, sets forth the following offense level calculation at paragraphs 14-24. (R. 127: PSR, PageID 912-13):

| Count 23: Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) | | |
|---|---|---|
| Base offense level | 14 | U.S.S.G. § 2K2.1(a)(4)(B) |
| Specific Offense Characteristic | +4 | U.S.S.G. § 2K2.1(b)(6)(B) |
| Subtotal | 18 | |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1(a) and (b) |
| Total | 15 | |

4

With an offense level of 15 and a Criminal History Category of III, the PSR calculates an advisory sentencing guidelines range of 24-30 months. (*Id.*, at PageID 931).

The PSR is consistent with the Plea Agreement's calculation, and the government requests that the Court adopt the PSR's calculation of the offense level. Specifically, the government agrees with the application of the four-level specific offense characteristic at U.S.S.G. § 2K2.1(b)(6)(B). (*See Id.*, at PageID 912). According to the PSR, the specific offense characteristic applies for the following reasons:

> On August 1, 2023, in addition to illegally possessing the firearm, the defendant sold the firearm to an undercover agent for $1,000. This firearm was sold on the street where the undercover agents were also purchasing firearms and drugs from his codefendants. Additionally, the defendant watched the UC place the firearm in a hidden compartment in his vehicle, suggesting that the use or possession of the firearm would be unlawful.

(*Id.*).

The government agrees with the PSR's reasoning because Roach "transferred [a] firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The application of this specific offense characteristic need only be shown by a preponderance of the evidence, not by proof beyond a reasonable doubt or clear and convincing evidence. *See United States v. Golson*, 95 F.4th 456, 462-63 (6th Cir. 2024) ("The burden of proof lies with the government to show, by a preponderance of the evidence, that a sentencing enhancement applies."); *United States v. Shanklin*, 924 F.3d 905, 919 (6th Cir. 2019) (regarding 2K2.1(b)(6)(B) enhancement, explaining that "[a]s always, '[t]he government bears the burden of establishing the factors supporting this enhancement by a preponderance of the evidence.'"). The evidence in this case meets this standard.

Here, the circumstances of the sale of the firearm by Roach provided reason for him to believe that he was transferring the firearm to someone who would use or possess it in connection with another felony offense. As explained in the PSR, Roach sold a firearm on the street to someone who was part of a group that was purchasing multiple firearms along with narcotics. It was a cash transaction for a firearm that had been used in a shooting less than two months earlier. When transferred, the recipient put the gun into a hidden compartment in his vehicle. These circumstances were sufficient to for Roach to have reason to believe that the firearm would be used or possessed in furtherance of another felony offense.

The application of Section 2K2.1(b)(6) does not require showing that the firearm would be used or possessed in connection with a specific felony offense. *See United States v. Cummings*, 19 F.3d 1434 (Table), No. 93-2037, 1994 WL 91825, at *2 (6th Cir. Mar. 22, 1994) (holding that previous version of the enhancement was "appropriate when the defendant had reason to believe the transferred firearm would be used in connection with any felony, without regard to whether the defendant had reason to know which particular felony might be committed"); *Unites States v. Dodge*, 61 F.3d 142, (2d Cir. 1995) (holding that prior version of enhancement "does not require knowledge of the specific offense to be committed"); *United States v. Cutler*, 36 F.3d 406, 408 (4th Cir. 1994). This is consistent with the recognition that transferring a firearm to someone who plans to use the firearm to commit additional crimes involves a greater level of danger and culpability, regardless of the specific crime involved. *See Cummings*, 1994 WL 91825, at *2 ("The threat posed to the public safety by the sale of firearms to persons likely to use the firearms in connection with a felony does not diminish when, as here, the seller does not know which particular felony the buyer is likely to commit."). Further, because Roach was transferring a firearm, any crime that would be committed in connection with that firearm would most likely be a serious one, meaning a felony offense. *See Id.* ("Because

6

most crimes involving the use of a firearm are felonies, [the defendant] thus had reason to believe that the firearms he sold would be used in connection with the commission of some other felony offense.").

    C.    **APPLICABLE ADVISORY GUIDELINES RANGE**

In summary, the government requests that the Court adopt the calculations found in the PSR: that the base offense level is 14; that the four-level specific offense characteristic at Section 2K2.1(b)(6)(B) applies; and that a three-level reduction for acceptance of responsibility applies, resulting in a total offense level of 15. With an offense level of 15 and Criminal History Category of II, the applicable sentencing range should be 24-30 months imprisonment.

**III.**    **SENTENCING FACTORS 18 U.S.C. § 3553(A)**

Upon properly calculating the advisory guideline range, this Court is required to follow 18 U.S.C. § 3553(a), which provides:

> This Court is required to consider the following factors in determining the sentence.
>
> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
>     (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>     (2) the need for the sentence imposed--
>
>         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>         (B) to afford adequate deterrence to criminal conduct;
>
>         (C) to protect the public from further crimes of the defendant; and

>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
> (5) any pertinent policy statement--
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

The nature and circumstances of Roach's offense are important for the Court to consider. Roach did not merely possess a firearm as a convicted felon; he sold that firearm on the street to people he had reason to believe would use the firearm in connection with other crimes. This kind of sale shows a lack of regard for what the recipients would do with the firearm he sold, making this case more serious than a case involving a convicted felon who merely possesses a firearm. However, the government concedes that in the overall context of the investigation in this case, Roach played a significantly lesser role than several of his co-defendants as he only personally sold one firearm in contrast to co-defendants who possessed and sold significantly greater numbers of firearms.

Roach's personal history and characteristics are also important. Roach has an extensive criminal history that the government asserts is underrepresented by his criminal history score because so many of his prior convictions are too old to score criminal history points. After amassing several serious juvenile adjudications, Roach has numerous adult convictions: Attempted Possession of Drugs (F5) (1999); Drug Abuse Marijuana (MM) (1999); Possession of Drugs (F4) (1999); Possession of Drugs (F4) (2000); Trafficking in Cocaine (F5) (2000);

8

Trafficking in Counterfeit Controlled Substances (F5) (2000); Possession of Alcohol by a Minor (M1) (2000); Trafficking in Drugs (F5) (2003); Disorderly Conduct (MM) (2005); Drug Possession (F5) and Having Weapons Under Disability (F3) (2006); Disorderly Conduct (MM) (2011); Obstructing Justice (F3) (2012); Having Physical Control of Vehicle While Under the Influence Alcohol, Drugs (M1) and Driving Under Suspension (M1) (2019); Disorderly Conduct (M4) (2018); Passing Bad Checks (F5) (2020); Drug Abuse Marijuana (MM) (2020); Operating a Vehicle Under the Influence Alcohol, Drugs (M1) (2020); and Aggravated Theft (F5), Passing Bad Checks (F5), Forgery (F5), and Attempted Passing Bad Checks (M1) (2021). (R. 127: PSR, PageID 914-924).  At the time of the offense, Roach was also still on community control from a prior bad checks conviction. (*Id.*, at PageID 924).  This criminal history shows a long pattern of committing criminal offenses and disregarding the law, which is consistent with the offense in this case of possessing a firearm despite being prohibited because he is a convicted felon.

Roach appears to have strong family support and to have played an active role in his children's lives (*Id.*, at PageID 926-27), although he is almost $6,000 in arrears in child support. (*Id.*, at PageID 930).  He also has a history of employment and reported that he always works. (*Id.*, at PageID 929-30).  His personal history is described in detail in the PSR.  (*Id.*, at PageID 926-930).

Considering all of the Section 3553(a) factors, the government recommends a sentence of 27 months, which is the middle of the applicable guidelines range.  While there are several factors in Roach's favor, such as playing a lesser role in the overall case, his family support, his involvement with his children, and his apparent willingness to be employed, several other factors weigh against him.  These factors include selling a firearm to individuals he had reason to believe would use the firearm in further crimes, his lengthy criminal history, committing the current offense while on community control, and his significant child support arrears.  There is a

9

need to deter Roach from further criminal activity since his long experience with the criminal justice system has not yet deterred him fully. The sentence should also recognize how serious it is to sell a firearm on the street as Roach did and deter others from committing similar offenses.

Considering all of the facts and circumstances of Roach's case and the Section 3553(a) factors, Roach's case does not fall outside of the heartland of cases that would justify a downward variance. The government recommends a sentence of 27 months at the middle of the guideline range because it strikes the correct balance of factors in this case. This recommendation is also consistent with other cases nationally as the average length of sentence for defendants sentenced under the firearms guideline with the same criminal history category and offense level was 26 months imprisonment. (*Id.*, at PageID 936).

## IV. CONCLUSION

For these reasons and those to be articulated at the sentencing hearing, the Government requests a sentence of 27 months imprisonment.

>                          Respectfully submitted,
>
>                          REBECCA C. LUTZKO
>                          United States Attorney
>
> By:    /s/ Matthew W. Shepherd
>        Matthew W. Shepherd (OH: 0074056)
>        Assistant United States Attorney
>        United States Court House
>        801 West Superior Avenue, Suite 400
>        Cleveland, OH 44113
>        (216) 622-3873
>        (216) 522-8355 (facsimile)
>        Matthew.Shepherd@usdoj.gov